IN THE UNITED STATE DISTRICT COURT

OF THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE A. WHEATLEY, | * | C.A. No. 05-175 |
| | * | |
| Plaintiff, | * | |
| | * | CIVIL ACTION ANSWER |
| v. | * | |
| | * | |
| I.G. BURTON & CO., INC., | * | |
| | * | |
| Defendant, | * | |

1. Denied. The Plaintiff was not terminated and denied that unlawful discrimination on the part of Plaintiff's age was a factor in his voluntary resignation.

2. Admitted.

3. Admitted that the U.S. Equal Employment Opportunity Commission (EEOC) dismissal is dated January 27,2005. Admitted that the Final Determination was issued by the Department of Labor, Division of Industrial Affairs Discrimination Unit on December 16, 2004.

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted that Plaintiff was first employed by Defendant in November of 1996. Further admitted that at times during his employment, he was considered a very competent sales person.

8. Defendant is without knowledge or information sufficient to form a belief as to the truth of the averments stated in the first two sentences. Admitted that Plaintiff brought new customers to Defendant.

9.  Defendant is without knowledge of information sufficient to form a belief as to the truth of these averments.

10. Denied.

11. Denied that Defendant intended to discriminate against Plaintiff by reason of his age. Defendant is without knowledge or information sufficient to form a belief as to the truth of all other averments.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth of these averments.

13. Denied as stated. Pete Renzi, finding Plaintiff in a very depressed state because of his complained about lengthy drive from his home in Easton, Maryland to the showroom in Milford, inquired if selling from his home would help and almost immediately thereafter Plaintiff asked for consideration by Defendant regarding this proposal. Several weeks later when the proposal was sanctioned by higher management, Plaintiff voluntarily agreed upon the terms and conditions stated to start selling motor vehicles from his home.

14. Denied as stated. See Answer to paragraph #13.

15. Denied.

    (a) Denied.

    (b) Denied.

    (c) Denied.

    (d) Denied and each subparagraph is denied. Most of these terms and conditions were worked out agreeably between Plaintiff and Defendant before he voluntarily agreed to start working from his home. (i.e. The fact that he would not have subsidized

telephone service; he would not have a demonstrator for his own personal use similar to all other foreign car sales persons; and other similar terms and conditions agreeable to Plaintiff).

(e) Denied as stated. The new employee apparently referred to was not a replacement for Plaintiff.

(f) Denied as stated. Plaintiff agreed, upon leaving to work out of his home, to the condition that he could not return to the sales floor unless an opening occurred, Defendant, being required to staff a certain number of sales persons on the floor at all times as a requirement of the foreign car manufacturers, BMW and Mercedes Benz.

(g) Denied as stated. This arrangement was voluntarily agreed upon by Plaintiff and he was permitted to sell both Mercedes Benz and BMW products which was prohibited to all other foreign car sales persons.

(h) Denied.

(i) Denied.

(j) Denied.

(k) Denied.

(l) Denied as stated. The vehicle was taken back by Defendant because of its uniqueness and the fact that the customer did not have financing.

16. Denied as stated. Plaintiff agreed that he could not return to the sales floor unless a vacancy opened and no vacancy was open on the dates stated. Further, to the knowledge of Defendant, Plaintiff did not ever make a written request to return to the sales floor and did not, in fact, make any definite verbal

request to do so.

17. Denied as stated. Defendant informed Plaintiff that he needed to come in and sign a release form in order to receive the deposit and he refused to do so.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied that Defendant committed any unlawful conduct toward Plaintiff. Defendant is without knowledge or information sufficient to form a belief regarding the truth of the averments about economic loss or reduced earning capacity other than knowing that for reasons unknown to Defendant, Plaintiff failed to sell the volume of motor vehicles anticipated by both parties equally to the detriment of both parties.

27. Denied that Defendant has committed any unlawful conduct toward Plaintiff. Defendant is without knowledge or information sufficient to form a belief regarding the truth of all other averments.

<u>FIRST AFFIRMATIVE DEFENSE</u>

28. Plaintiff failed to bring a civil action in this Court in accordance with the provisions of 19 <u>Del</u>. <u>C</u>. §710 <u>et</u> <u>seq</u>. within ninety (90) days from the date of receipt of the Delaware Right To

Sue Notice, the Notice being issued on December 16, 2004 and this lawsuit being filed on March 22, 2005.

### SECOND AFFIRMATIVE DEFENSE

29. Plaintiff was not terminated from his position with Defendant, but on the contrary, voluntarily submitted a Notice of Resignation on December 3, 2003.

### THIRD AFFIRMATIVE DEFENSE

30. Plaintiff's action is barred by the doctrines of <u>res judicata</u> and/or <u>collateral estoppel</u>.

WHEREFORE, Defendant demands that the Complaint be dismissed with costs assessed unto Plaintiff.

SCHMITTINGER AND RODRIGUEZ, P.A.

BY: _____
NICHOLAS H. RODRIGUEZ, ESQUIRE
Bar I.D. No.: 356
414 South State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140
Attorney for Defendant
e-mail address:
nrodriguez@schmittrod.com

DATED: April 26, 2005
SEC:rp

SCHMITTINGER AND RODRIGUEZ, P.A.

BY: _____
NOEL E. PRIMOS, ESQUIRE
Bar I.D. No.: 3124
414 South State Street
P.O. Box 497
Dover, DE 19903
(302) 674-0140
Attorney for Defendant
e-mail address:
nprimos@schmittrod.com

DATED: April 26, 2005
SEC:rp