IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| WAYNE WHEATLEY: | : | |
| --- | --- | --- |
| Plaintiff, | : | C.A. No: 1:05-CV-175 GMS |
| V. | : | |
| I.G. BURTON, CO. INC. | : | |
| Defendant. | : | |

## JOINT CASE REPORT OF COUNSEL
## PURSUANT TO RULE 16.2(b)

1. Jurisdiction and Service

    This action arises under the Age Discrimination in Employment Act of 1967 as amended 29 U.S.C. § 621, et seq. Pursuant to 28 U.S.C. § 1331 and 29 U.S.C. 636 (c), the United States District Court for the District of Delaware has subject matter jurisdiction and all of the parties are also subject to the Court's jurisdiction. Defendant, I.G. Burton, Co., Inc. has been properly served. Defendant has raised a jurisdictional issue concerning whether suit was timely filed.

2. Substance of the Action

    Plaintiff, Wayne Wheatley, date of birth May 15, 1938, alleges age discrimination in his employment as an automobile salesman in defendant's dealership. Plaintiff alleges that discrimination because of his age began in or around December 2002 and culminated in his constructive discharge as of December 2003. Defendant alleges that no discrimination occurred and that Plaintiff voluntarily resigned.

3. Identification of the Issues

    The primary issues to be determined are whether the conduct of the Defendant, through its managers and supervisors, was discriminatory by reason of the Plaintiff's age, and whether Plaintiff was constructively discharged or voluntarily resigned.

4.   Narrowing of the Issues

At this time, counsel have agreed that it is premature to determine if the issues can or should be narrowed or if there are any issues which can be either partially or fully disposed of by motion. Same can be addressed once discovery has been concluded.

5. Relief

Plaintiff seeks to receive back pay and front pay, reinstatement of his employment with full benefits, a cease and desist order precluding defendant from discriminating further, an order directing the Defendant to implement steps to eliminate a hostile work environment, reimbursement of all fees and costs of litigation together with other forms of relief the Court deems is necessary and proper.

6. Amendment of the Pleadings

Plaintiff and defendant agree that the pleadings do not need to be amended.

7. Joinder of the Parties

Plaintiff and defendant agree that there are not any parties that need to be joined in the litigation.

8. Discovery

Discovery will be completed through the use of depositions and written discovery. The automatic disclosures pursuant to Rule 26 will be exchanged by July 29, 2005. Plaintiff intends to take the depositions of approximately sixteen I.G. Burton employees. As agreed by the parties, depositions of employees will be taken at a suitable location on-site at the I.G. Burton location, in Milford, Delaware. The agreed deadline for discovery to be completed is February 28, 2005. Defendant plans to take Plaintiff's deposition in its counsel's office in Dover, Delaware and may take other depositions as needed.

9. Estimated Trial Length

Counsel estimates it will take approximately five (5) days for a trial in this matter. While counsel is willing to use stipulations, summaries and other expedited means to shorten the length of trial, it is too early in the litigation process to determine what methods should be utilized. Counsel have determined it will require five approximately (5) days for the trial because more than fourteen (14) witnesses are expected to give testimony.

10. Jury Trial

The Plaintiff intends to demand a jury trial on all of the issues. Defendant intends to contest a request for a jury trial at this juncture.

11.  Settlement.

Defendant, I.G. Burton has made a previous offer to Plaintiff, which Plaintiff does not consider adequate. In 2004, an economic report was prepared by plaintiff's economist, Andrew Verzille, which was submitted to the defendant. However, this report must be updated. The parties have agreed that referral to Magistrate Judge Thynge for mediation purposes is appropriate and will move to schedule a mediation as soon as her schedule will allow.

12.  Other Matters

Defense counsel has previously been served with a set of Plaintiff's Interrogatories and a Request for Production of Documents. Counsel has agreed to consider these documents properly served as of July 8, 2005 and that these reports will be produced in accordance with the Rules. The Parties have conferred on the above matters as is outlined in the Notice of Scheduling Conference Order.

Very Truly Yours,

/s/ Roland J. Atkins
ROLAND J. ATKINS, ESQUIRE
1430 Land Title Building
100 South Broad St.
Philadelphia, PA 19110-1023
(215)448-3900
Counsel for Plaintiff *Pro Hac Vice*
THOMAS S. NEUBERGER, ESQ.(I.D.#243)
The Neuberger Firm, P.A.
2 East Seventh Street, Suite 302
Wilmington, DE 19801-3707
(302)655-0582
Counsel for Plaintiff

/s/ Noel E. Primos
NICHOLAS RODRIGUEZ, ESQ.(I.D.#356)
NOEL E. PRIMOS, ESQ.(I.D. #3124)
414 S. State St.
P.O. Box 497
Dover, DE 19903-0497
(302)674-0140
Counsel for Defendant