IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE WHEATLEY | : | |
| | : | |
| Plaintiff, | : | C.A. No:  05-175 GMS |
| v. | : | |
| | : | |
| | : | |
| I.G. BURTON & CO., INC. | : | |
| | : | |
| Defendant. | : | |

**PLAINTIFF'S MOTION FOR A JURY TRIAL**

Plaintiff, by and through his undersigned counsel, hereby moves for the above-captioned matter to proceed as a jury trial[1]. Plaintiff's counsel and defendant's counsel have been unable to reach an agreement whether to permit this matter to proceed as a jury trial. Since counsel were unable to resolve the issue amicably, Plaintiff submits this Motion for a Jury Trial and in support of this request, Plaintiff avers the following:

1. Rule 38 (b) of the Federal Rules of Civil Procedure gives a party the right to make a demand for a jury trial on any or all of the issues in controversy at any time after the action has commenced, but such demand can not be made after ten days since service of the last pleading. *Fed.R.Civ.P 38(b)*  However, a party to an action may make a motion to the Court for a jury trial after such time has passed.

2. Rule 39(b) of the Federal Rules of Civil Procedure gives the Court the discretion to grant a jury trial upon a motion by one of the parties to the action. Upon such motion, the Court, in its discretion, may grant a jury trial on all or some of the issues in controversy.

---

[1] On March 22, 2005 the Plaintiff filed a Civil Action Complaint with the Court. Such Complaint did not request a trial by jury in the caption.

*Fed.R.Civ.P 39(b)*. Therefore, F.R.C.P. 39(b) allows the Court to grant a jury trial even though such demand is beyond the 10 day period of Rule 38(b)[2].

3.	In making its determination to grant a motion for a jury demand, the Court balances a number of factors in order to assure that the non-moving party is not prejudiced. In addition, the Court must look to the facts and circumstances of each individual case when making its determination[3].

4.	The factors to be balanced are: (1) Whether the issues are suitable for a jury; (2) whether granting the motion would disrupt the schedule of the Court or of the adverse party; (3) whether any prejudice would result to the adverse party; (4) how long the party delayed in bringing the motion; and (5) the reasons for the failure to file a timely demand[4].

5.	The Seventh Amendment provides the right to a jury trial in suits at "common law." The Supreme Court has interpreted this phrase to mean any controversy where a legal and private right is at issue, as opposed to only an equitable right[5]. In addition, since the Court has broad discretion to grant a motion for a jury trial under F.R.C.P. 39(b) and the Seventh Amendment provides a basic and fundamental right to a jury trial, absent a strong and compelling reason to the contrary, the Court should grant a party's motion for a jury trial[6].

6.	First to be examined is whether the issue is suitable for a jury. In the case at hand, the issue to be determined is whether the defendant violated the Age Discrimination in Employment Act. The Supreme Court determined that the legislative intent of the Act was to

---

[2] *United States Securities and Exchange Commission v. The Infinity Group Co.* 212 F.3d 180, 195 (3rd Cir. 2000)

[3] *Diamond v. Reynolds, etal.* No. 84-280 MMS, 1986 U.S. Dist LEXIS 22755 at 5 (D.Del. July 15, 1996)

[4] *United States Securities and Exchange Commission,* 212 F.3d at 196.
[5] *In Re: Big V Holding Corp and Wakenfern Food Corp.v. C&S Wholesale Grocers, Inc.* No. 01-233 GMS, 2002 U.S. Dist. LEXIS 12609 at 15 (D.Del. July 11, 2002)
[6] *Swofford v. B & W, Inc.,* 336 F.2d 406, 414 (CA5 1964)

grant the plaintiff the right to have a trial by jury[7]. The Court found that Congress intended the Act to establish a private right of action so that a trial by jury would be available if sought by one of the parties[8]. Therefore, the first factor of the test favors granting a jury trial, since such an issue is one that is legislatively intended to be heard by a jury.

7. The second factor for granting the motion is whether a jury trial would disrupt the schedule of the Court or the adverse party. Here, neither the schedule of I.G. Burton, nor the schedule of the Court will be disrupted.

8. The third factor, which must be weighed, is whether any prejudice would result to the adverse party. Our Third Circuit has declared that a request as late as two weeks prior to the commencement of trial is not prejudicial to the non-moving party[9]. In the present case, defendant, I.G. Burton was made aware of the Plaintiff's intent to request a jury trial when the parties conferred in drafting the Joint Status Report. Defendant was again informed of the plaintiff's intent during the Court's Scheduling Conference held on July 21, 2005, where the Court tentatively scheduled the matter as a jury trial, pending the filing of the plaintiff's present Motion. Since the defendant has been given ample notice and the trial will not commence until September 11, 2006, more than a year from now, the defendant has sufficient time to prepare for a jury trial and is not prejudiced in any way.

9. Fourthly, consideration is made of the period of time the moving party delayed in submitting the Motion for a Jury Trial. The Complaint in this case was filed with the Court on March 22, 2005 and the defendant's Answer to the Complaint was received by the plaintiff on April 27, 2005. Where a matter has already been placed on the trial schedule as a jury trial, despite either party making a demand pursuant to F.R.C.P 38(b), as in the present case, and

---

[7] .Lorillard v. Pons, 434 U.S. 575, 580-1 (1978)
[8] Lorillard, 434 U.S. at 584

remained there for seven months before a F.R.C.P. 39(b) motion for a jury trial was made, the reviewing court determined that the motion should have been granted[10]. The present case has not been pending for seven months. Here, the plaintiff's Motion for a Jury Trial is being filed with the Court within a few days of the Scheduling Conference. As such, there has not been any delay in bringing this motion.

10.   The final factor to be considered is the reason for the failure to file a timely jury demand. Although simple inadvertence is usually not enough to warrant the granting of a F.R.C.P. 39(b) motion, inadvertence is not fatal to the moving party and it is nevertheless within the Court's sound discretion to grant the Motion after the ten day period of time in Rule 38(b)[11]. Although a jury was not demanded under F.R.C.P. 38(b), due to simple oversight, counsel has timely made a request pursuant to F.R.C.P. 39(b). Since this final factor is only one of five factors that must be balanced and weighed by the Court, fairness dictates that it should not be determinative of the present motion.

11.   Plaintiff waives an opening brief on this matter.

WHEREFORE, for the foregoing reasons, the plaintiff respectively requests that this Motion for a Jury Trial be granted and that all issues in controversy in this matter be tried by a jury.

| THE NEUBERGER FIRM | ATKINS & COHEN, P.C. |
|---|---|
| /s/ Thomas S. Neuberger | s/s Roland J. Atkins |
| THOMAS S. NEUBERGER, ESQ (#243) | ROLAND J. ATKINS, ESQ |
| Two East Seventh Street, Suite 302 | Pro Hac Vice |
| Wilmington, Delaware 19801 | 1430 Land Title Building |
| (302) 655-0582 | 100 S. Broad Street |
| | Philadelphia, Pennsylvania 19110 |
| | (215) 448-3900 |

---

[9] *United States Securities and Exchange Commission,* 212 F.2d at 196
[10] *Daniel Int'l Corp. v. Fischbach & Moore Inc.,* 916 F.2d 1061, 1063 (5TH Cir. 1990)
[11] *United States Securities and Exchange Commission,* 212 F.2d at 195

4

## LOCAL RULE 7.1.1 STATEMENT

    Counsel certifies that counsel has made a reasonable effort to reach agreement with opposing counsel on the matters set forth in this Motion.

                                                    /s/ Thomas S. Neuberger
                                              Thomas S. Neuberger, Esquire

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE WHEATLEY | : | |
| | : | |
| Plaintiff, | : | C.A. No:  05-175 GMS |
| V. | : | |
| | : | |
| | : | |
| I.G. BURTON & CO., INC. | : | |
| | : | |
| Defendant. | : | |

**<u>ORDER</u>**

IT IS HEREBY ORERED that the Plaintiff's Motion for a Jury Trial is granted.

_____
U.S. District Court Judge

6

## CERTIFICATE OF SERVICE

I, Thomas S. Neuberger, being a member of the bar of this Court do hereby certify that on August 8, 2005, I electronically filed this **Pleading** with the Clerk of the Court using CM/ECF which will send notification of such filing to the following:

> **Noel E. Primos, Esquire**
> **Nick Rodriguez, Esquire**
> Schmittinger & Rodriguez, P.A.
> 414 South State Street
> P.O. Box 497
> Dover, Delaware  19903
> 1(302) 674-0140
> Email: nprimos@schmittrod.com

THE NEUBERGER FIRM

 /s/ Thomas S. Neuberger
Thomas S. Neuberger, Esquire
Two East Seventh Street
Suite 302
Wilmington, Delaware 19801
1(302) 655-0582