IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE WHEATLEY, | * | C.A. No. 05-175 GMS |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | |
| I.G. BURTON & CO., INC., | * | |
| | * | |
| Defendant. | * | |

### *DEFENDANT'S ANSWERING BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR A JURY TRIAL*

SCHMITTINGER & RODRIGUEZ, P.A.

NICHOLAS H. RODRIGUEZ, ESQUIRE
Bar I.D. #356
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE   19903
(302) 674-0140

DATED: August 18, 2005        Attorneys for Defendant

**TABLE OF CONTENTS**

|  | PAGE |
|---|---|
| TABLE OF AUTHORITIES | ii |
| STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS | 1 |
| SUMMARY OF ARGUMENT | 2 |
| STATEMENT OF FACTS | 3 |
| ARGUMENT | 4 |
|     I.   BECAUSE PLAINTIFF HAS FAILED TO SHOW HIGHLY EXCEPTIONAL CIRCUMSTANCES BEYOND MERE INADVERTENCE JUSTIFYING HIS FAILURE TO DEMAND A JURY TRIAL, PLAINTIFF'S MOTION FOR A JURY TRIAL SHOULD BE DENIED. | 4 |
|         A.   In order to avoid the arbitrary exercise of discretion, the Court must base the granting of relief under Fed.R.Civ.P. 39(b) upon more than mere inadvertence. | 4 |
|         B.   Because Plaintiff does not offer any reasons beyond mere inadvertence for his failure to demand a jury trial in a timely fashion, Plaintiff's Motion for a Jury Trial must be denied. | 7 |
| CONCLUSION | 9 |

**TABLE OF AUTHORITIES**

PAGE

CASES

Biesenkamp v. Atlantic Richfield Co.
    70 F.R.D. 365 (E.D.Pa. 1976) . . . . . . . . . . . .   5

Diamond v. Reynolds
    1986 U.S. Dist. LEXIS 22755 (D.Del.) . . . . . .   5-8

Kalmanovitz v. G. Heileman Brewing Co.
    610 F. Supp. 1319 (D.Del. 1985) . . . . . . . . .   5-8

Noonan v. Cunard Steamship Co.
    375 F.2d 69 (2d Cir. 1967) . . . . . . . . . . .   6

The Personal Touch, Inc. v. Lenox, Inc.
    122 F.R.D. 470 (E.D.Pa. 1988) . . . . . . . . . .   5-6

United States Securities and Exchange
    Commission v. The Infinity Group Co.
    212 F.3d. 180 (3d Cir. 2000) . . . . . . . . . .   7


STATUTES AND RULES

29 U.S.C. §621 . . . . . . . . . . . . . . . . . . . .   1

Fed.R.Civ.P. 38(b) . . . . . . . . . . . . . . . . .   1, 4

Fed.R.Civ.P. 38(d) . . . . . . . . . . . . . . . . .   4

Fed.R.Civ.P. 39(b) . . . . . . . . . . . . . . . . .   2, 4-9

**STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS**

Plaintiff Wayne Wheatley ("Plaintiff") filed a Complaint in this Court on March 22, 2005, alleging a violation of the Age Discrimination in Employment Act, 29 U.S.C. §621, *et seq*. Defendant I.G. Burton & Co., Inc. ("Defendant") filed an Answer with the Court on April 26, 2005. No further pleadings were filed directed to the issue of Plaintiff's age discrimination claims.

Plaintiff failed to serve and file a demand for a trial by jury not later than 10 days after service of Defendant's Answer as required by Fed.R.Civ.P. 38(b). Plaintiff now seeks a jury trial through a Motion for a Jury Trial, which he filed on August 8, 2005, 104 days after the filing of Defendant's Answer. This is Defendant's Answering Brief in opposition to Plaintiff's Motion for a Jury Trial.

## SUMMARY OF ARGUMENT

1. Plaintiff's Motion for a Jury Trial should be denied. The Court's exercise of discretion pursuant to Fed.R.Civ.P. 39(b), lest it become arbitrary, must be based upon highly exceptional circumstances beyond mere inadvertence. Because Plaintiff presents no such circumstances to this Court, his request for a jury trial should be denied.

**STATEMENT OF FACTS**

Because this matter is before the Court on a procedural issue, the underlying facts of the case are not relevant to the Motion.

**ARGUMENT**

I. **BECAUSE PLAINTIFF HAS FAILED TO SHOW HIGHLY EXCEPTIONAL CIRCUMSTANCES BEYOND MERE INADVERTENCE JUSTIFYING HIS FAILURE TO DEMAND A JURY TRIAL, PLAINTIFF'S MOTION FOR A JURY TRIAL SHOULD BE DENIED.**

   A. **In order to avoid the arbitrary exercise of discretion, the Court must base the granting of relief under Fed.R.Civ.P. 39(b) upon more than mere inadvertence.**

Pursuant to the Federal Rules of Civil Procedure, a demand for a jury trial of any issue triable of right by a jury may be made at any time after commencement of the action, but not later than 10 days after service of the last pleading directed to the issue. Fed.R.Civ.P. 38(b). Failure of a party to serve and file a demand within the required time deadline constitutes a waiver by the party of trial by jury. Fed.R.Civ.P. 38(d).

In this case, it is undisputed that Plaintiff failed to file and serve a demand for trial by jury of his age discrimination claim within 10 days of service of Defendant's Answer, the last pleading directed to the age discrimination issue. Accordingly, Plaintiff waived his right to a trial by jury.

Despite this waiver, Plaintiff can request a trial by jury by motion to the Court pursuant to Fed.R.Civ.P. 39(b),

4

and the Court in its discretion may order a trial by jury. In this case, Plaintiff filed such a motion on August 8, 2005, 104 days after service of Defendant's Answer.

The Court's exercise of discretion pursuant to this provision is not unfettered, however.  Instead, this Court has previously held that "[t]he exercise of discretion contemplated by Rule 39(b) must be based upon circumstances warranting its exercise lest discretion become a mere arbitrary act of the Court."  <u>Kalmanovitz v. G. Heileman Brewing Co.</u>, 610 F. Supp. 1319, 1328 (D.Del. 1985).  <u>Accord</u>, <u>The Personal Touch, Inc. v. Lenox, Inc.</u>, 122 F.R.D. 470, 471 (E.D.Pa. 1988).

Specifically, and as applicable to the procedural history of the instant case, the Court's exercise of such discretion must be based upon **more** than mere inadvertence by the moving party in failing to demand a jury trial in a timely fashion.  "'Mere inadvertence, oversight or lack of diligence on the part of counsel is not sufficient ground to invoke relief under Rule 39(b).'"  <u>Kalmanovitz</u>, 610 F. Supp. at 1328 (quoting <u>Biesenkamp v. Atlantic Richfield Co.</u>, 70 F.R.D. 365, 366 (E.D.Pa. 1976)).  <u>Accord</u>, <u>Diamond v. Reynolds</u>, 1986 U.S. Dist. LEXIS 22755 (D.Del.) at *5.  This is especially true when experienced trial counsel are

involved. Kalmanovitz, 610 F. Supp. at 1328. Accord, Diamond, *supra*, at *6.

As this Court held in Kalmanovitz, the Court's discretion pursuant to Rule 39(b) is "narrow": it is limited "'to determining whether the moving party's showing *beyond* mere inadvertence is sufficient to justify relief.'" Kalmanovitz, 610 F. Supp. at 1328-29 (emphasis in original) (quoting Noonan v. Cunard Steamship Co., 375 F.2d 69, 70 (2d Cir. 1967)). Indeed, as this Court has stated, a jury trial should not be granted pursuant to Rule 39(b) unless "some adequate or proper reason" is given to invoke that discretion, and the discretion should be based upon "highly exceptional circumstances." Diamond, *supra*, at *5.

In addition, "a mere showing that [the issues for which a jury trial is requested] may appropriately be tried to a jury does not overcome a waiver caused by inadvertence." Id. at *6-*7. Moreover, the argument that counsel's own inadvertence should not prejudice his client does not justify a court's exercise of discretion pursuant to Rule 39(b). Personal Touch, 122 F.R.D. at 471-72.

6

**B. Because Plaintiff does not offer any reasons beyond mere inadvertence for his failure to demand a jury trial in a timely fashion, Plaintiff's Motion for a Jury Trial must be denied.**

Plaintiff admits that the **only** reason for his failure to demand a jury trial in a timely manner is the inadvertence of his counsel. See Motion at ¶ 10. However, as stated *supra*, under the established rulings of this Court, highly exceptional circumstances **beyond** mere inadvertence must be shown in order to justify the granting of an untimely request for a jury trial. No such circumstances are present here.

Plaintiff argues, however, that his failure to show circumstances beyond mere inadvertence is not fatal to his request for relief pursuant to Fed.R.Civ.P. 39(b), and he cites in support of this proposition United States Securities and Exchange Commission v. The Infinity Group Co., 212 F.3d. 180, 195 (3d Cir. 2000). In that decision, the Court stated, "Courts in this Circuit generally deny relief when 'the only basis for such relief advanced by the requesting party is the inadvertence or oversight of counsel.' . . . However, this is not a mechanical rule." Id. (citations omitted). However, this dicta cannot be relied upon to overturn the clear holdings of this Court in Kalmanovitz and Diamond. Ultimately, the SEC Court held that the trial court had **not** abused its discretion in denying relief pursuant to Fed.R.Civ.P. 39(b). Thus, SEC **cannot** be relied upon for the

7

proposition that a party can obtain relief under Rule 39(b) without making a showing beyond mere inadvertence. In this jurisdiction, <u>Kalmanovitz</u> and <u>Diamond</u> are still good law, and continue to stand for the proposition that highly exceptional circumstances must be shown to justify the Court's exercise of discretion pursuant to Rule 39(b).

**CONCLUSION**

It is undisputed that Plaintiff waived his right to a trial by jury by failing to file and serve a timely demand. Therefore, Plaintiff's untimely request for a jury is now subject to the Court's discretion pursuant to Rule 39(b). This Court has previously held, however, that its discretion in such circumstances is "narrow" and can be exercised only if highly exceptional circumstances **beyond** mere inadvertence are shown. Because no such circumstances are present in this case, Plaintiff's untimely request for a jury trial should be denied.

                                     Respectfully submitted,

                                     SCHMITTINGER & RODRIGUEZ, P.A.

BY: _____
     NICHOLAS H. RODRIGUEZ, ESQ.
     Bar I.D. #356

BY: _____
     NOEL E. PRIMOS, ESQUIRE
     Bar I.D. #3124
     414 S. State Street
     P.O. Box 497
     Dover, DE  19903
     (302) 674-0140
     Attorneys for Defendant

DATED: 8-15-05
NEP:pmw