IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE WHEATLEY, | : | |
| | : | C.A. No: 05-175 GMS |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| I.G. BURTON & CO. INC., | : | |
| | : | |
| Defendant. | : | |

PLAINTIFF'S REPLY BRIEF
IN SUPPORT OF HIS MOTION FOR A JURY TRIAL

**Atkins & Cohen, P.C.**

**Roland J. Atkins, Esquire**
Pro Hac Vice
1430 Land Title Building
100 South Broad Street
Philadelphia, Pennsylvania 19110
(215) 448 - 3900

Attorney For Plaintiff

Dated: August 29, 2005

**The Neuberger Firm**

**Thomas S. Neuberger, Esquire** (# 243)
Two East Seventh Street, Suite 302
Wilmington, Delaware 19801
(302) 655 - 0582

Attorney for Plaintiff

Table of Contents

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .3

STATEMENT OF THE PROCEEDINGS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

STATEMENT OF THE FACTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

ARGUMENT .. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

    I.    Although the Plaintiff, through simple oversight, omitted demanding a jury trial in the pleadings and pursuant to Federal Rule of Civil Procedure 38(b), under Rule 39(b), the Court may grant a parties motion for a jury trial. Rule 39(b) utilizes a five part balancing test to make this determination, only one part of which is the parties reason for omitting the demand under Rule 38(b).

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  12

Table of Authorities

Cases:

Daniel Int'l Corp. v. Fischbach & Moore Inc., 916 F.2d 1061 (5th Cir. 1990) . . . . . . . . . . . . . . . 9

Diamond v. Renyolds, 1986 U.S. Dist. LEXIS 22755 (D. Del.) . . . . . . . . . . . . . . . . . . . . . . . . 10

Kalmanovitz v. G. Heileman Brewing Co., 610 F. Supp 1319 (D. Del.) . . . . . . . . . . . . . . . . . . 10

Lorillard v. Pons, 434 U.S. 575 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

United States Securities and Exchange Commission v. The Infinity Group Co.,
212 F.3d. 180 (3d. Cir. 2000) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Statutes:

Fed. R. Civ. P. 38 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 9

Fed. R. Civ. P. 39 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8, 9

Nature of the Proceedings

As stated in the Defendant's answering brief, Plaintiff, Wayne Wheatley filed a Complaint in this Court on March 22, 2005. The Complaint alleges the Defendant, I.G. Burton & Co., discriminated against the Plaintiff, thereby violating the Age Discrimination in Employment Act, 29 U.S.C. § 621. The defendant filed Answers with the Court on April 26, 2005. On Thursday, July 21, 2005, the parties participated in the Scheduling Conference, lead by the Honorable Judge Sleete. The tentative trial date is September 11, 2006, more than a year from the filing of this Brief.

At such time, the Plaintiff disclosed their error and attempted to reach an agreement with the Defendant, so the matter could proceeded to a Jury Trial. However, such an agreement could not be reached and the Plaintiff filed a Motion for a Jury Trial with this Court, as per the Courts suggestion, on August 8, 2005. Defendant filed an Answering Brief dated August 18, 2005. This is the Plaintiff's Reply Brief, arguing in favor of a Jury Trial.

<u>Summary of the Argument</u>

The Plaintiff's Motion for a Jury Trial should be granted. Pursuant to Federal Rule of Civil Procedure 39(b), the Court is granted discretion to grant a Motion for a Jury Trial. The Court uses a balancing test of five factors to determine is such a Motion should be granted. Under this test, although a demand for a Jury Trial was not made in a timely manner under Federal Rule of Civil Procedure 38(b), this single factor can not be the sole determinative factor in the Courts analysis. In balancing all of the factors, the Defendant and the Court will not be harmed or prejudiced if this matter proceeded as a Jury Trial.

## Statement of the Facts

Wayne Wheatley was employed with I.G. Burton as a salesperson in their BMW and Mercedes-Benz department from 1996 until late 2003.  I.G. Burton & Co. Inc, by and through its employees, created a hostile work environment toward Mr. Wheatley, who in 2003 was pushed into working from home.  Once he began working from home, the Defendant severed its support of the Plaintiff.  Despite requests made by the Plaintiff, he was not permitted to return to the sales floor at I.G. Burton's car dealership.  As a result, he sales declined and he was forced to resign from his position.

Argument

I.  **Although the Plaintiff, through simple oversight, omitted demanding a jury trial in the pleadings and pursuant to Federal Rule of Civil Procedure 38(b), under Rule 39(b), the Court may grant a parties motion for a jury trial. Rule 39(b) utilizes a five part balancing test to make this determination, only one part of which is the parties reason for omitting the demand under Rule 38(b).**

Under the Federal Rules of Civil Procedure, a demand for a jury trial must be made within ten (10) days of the filing of the final pleading.[1] However, even if such a demand is not made pursuant to Rule 38, the Rules make an exception for making a jury demand in Rule 39(b). Rule 39(b) allows the Court to decide, upon a parties motion, if a demand for a jury trial should be granted because of a legally protected right of that party.[2] In order to make this determination, the Court utilizes a five factor balancing test.[3] These factors include: whether the issues are suitable for a jury, whether granting the motion would disrupt the schedule of the Court or the adverse party, whether any prejudice would result to the adverse party, how long the moving party delayed in bringing the motion, and the reasons for the failure to file a timely demand.[4]

In examining the first factor, the issues in this matter are proper for a jury. As was previously stated in the Plaintiff's Motion for a Jury Trial, it has been judicially determined that the Legislature intended the Age Discrimination in Employment Act to grant the plaintiff the right to a jury trial.[5] The Supreme Court decided Congress intended the Act to establish a private right

---

[1] Fed.R.Civ.P. 38

[2] Fed.R.Civ.P. 39(b)

[3] United States Securities and Exchange Commission v. The Infinity Group Co., 212 F.3d. 180, 196 (3d. Cir. 2000)

[4] Id.

[5] Lorillard v. Pons, 434 U.S. 575, 580-1 (1978)

of action so that a jury trial would be available if a party desired the matter to be determined by a jury.[6] In addition, in the matter at hand the credibility of the witnesses is proper for a jury determination.

The second factor used in determining whether a Rule 39(b) motion should be granted is whether the granting of the motion would disrupt the schedule of the Court or the adverse party. Since it is more than a year to the date of the trial, the granting of a motion for a jury trial will not disrupt either the schedule of the Court or the adverse party. In fact, the Court, during the Scheduling Meeting, tentatively scheduled this matter as a jury trial, even prior to a formal demand being made. Since the demand has been made well in advance of the parties preparing for trial, there is not a disruption in their schedule. Therefore, this factor must be weighed in favor of the Plaintiff and the granting of his Motion for a Jury Trial.

The third factor to be weighed is whether any prejudice would result to the adverse party. As previously stated in the Plaintiff's Motion for a Jury Trial, the Defendant was first made aware that the Plaintiff demanded a jury trial prior to the filing of the Joint Status Report, which was filed with this Court in July and again at the Court's Scheduling Conference on July 21, 2005. Since the parties could not mutually consent to move this matter for a Jury Trial, the Plaintiff filed its initial formal demand with the Court on August 8, 2005. While the Defendant is correct when he states 104 days after the filing of the final pleading had passed when the Plaintiff filed their Motion for a Jury Trial, he fails to state that he was advised of the Plaintiff's intent approximately 70 days after the Rule 38(b) demand period had expired and that it is more than a year before trial in this matter is to commence. Since the Defendant was given adequate notice and more than an

---

[6] Id. at 584

adequate period of time to properly prepare for a jury trail, the granting of the Plaintiff's motion will not result in any prejudice to the Defendant.

Fourthly, consideration is given to the period of time that elapsed before the moving party submits its demand for a jury trial. The Fifth Circuit has determined that when a matter was placed on the trial schedule as a jury trial despite the fact neither party demanded a jury trial and seven months elapsed before a party made a formal demand, the Motion for a Jury Trial should have been granted by the lower court.[7] The present matter was placed on the trial schedule as a jury trial matter on July 21, 2005 and the Plaintiff-moving party filed its Motion for a Jury Trial on August 8, 2005. If this Court were to follow the ruling of the Fifth Circuit, a timely demand pursuant to Federal Rule of Civil Procedure 39(b) has been made. Even if this Court choose not to follow the decision of the Fifth Circuit, only 17 days passed before the Plaintiff filed its Motion after the matter was placed on the trial schedule. This is a short period of time when viewed in the context of the entire trial schedule. Since a demand was made in a timely manner under Rule 39(b), the fourth factor also weighs toward the granting of the Plaintiff's Motion.

Finally, the Court is to consider the reason for the failure to file a timely jury demand under Rule 38. As was previously stated, the inadvertence of counsel is not fatal to the moving parties demand under Rule 39(b).[8] Although the Defendant cites this Courts decision in <u>Kalamanovitz v. G. Heileman Brewing Co.</u> as stating the moving party failed to make a timely demand due to the party's inadvertence and that the party's motion was denied, he failed to state that party's motion was not made until after the final pre-trial conference, which occurred more

---

[7] <u>Daniel Int'l Corp. v. Fischbach & Moore Inc.</u>, 916 F.2d. 1061, 1063 (5th Cir, 1990)

[8] <u>United States Securities and Exchange Commission</u>, 212 F.2d at 195

than two years after the case was commenced.[9]  Although the motion was not granted in this Court's previous decision, there is a significant time difference in the previous matter and the current Motion.  While this case remains as good law, the matters can be distinguished.  Inadvertence over a period of two years and inadvertence over a period of approximately three months can not be compared.  Therefore, the significance of the inadvertence in the current matter should not weigh as heavily as it did with the Kalmanovitz Court.  Since this is but one factor to be considered in a balancing of four other factors, it can not be as fatal to the moving party's motion as it was in Kalmanovitz.

Defendant also quoted this Court's decision in Diamond v. Reynolds, which denied the moving party's motion for a jury trial because highly exceptional circumstances were not established.  However, as quoted in Diamond, "in this District, a jury trial should not be granted under the discretionary power of the court under Rule 39(b) unless some adequate and proper reason be assigned to invoke such discretionary power."[10]  The use of the word "should" as opposed to the term "must" or "shall" illustrates the Court's reluctance to make that standard absolute.  The Diamond Court stressed the reviewing court must exercise their decision based on the particular facts and circumstances of the individual case.[11]  Therefore, it is still within the Courts discretion to grant a motion for a jury trial even though the original demand was omitted due to inadvertence.

---

[9] Kalmanovitz v. G. Heileman Brewing Co., 610 F. Supp 1319, 1327 (D. Del. 1985)

[10] Diamond v. Reynolds, 1986 U.S. Dist. LEXIS 22755 (D. Del.) quoting Reeves v. Penn. R.R., F.R.D. 487, 488-89 (D.Del. 1949)

[11] Id. at 5

<u>Conclusion</u>

Under Rule 38(b) it is in the Court's discretion to grant a Motion for a Jury Trial. In balancing the five factors, the Court must weigh each factor individually and in light of the circumstances surrounding the particular matter. Here the first four factors clearly weigh in favor of granting the Plaintiff's Motion. Only the fifth factor could be weighed against granting the Motion. While the Plaintiff submits a timely demand under 38(b) was not made due to simple inadvertence, the same should not be fatal. The other factors greatly outweigh the final factor. Therefore, the Plaintiff's Motion for a Jury Trial should be granted.

Respectively submitted,

| | |
|---|---|
| /s/ Roland J. Atkins | /s/ Thomas S. Neuberger |
| Roland J. Atkins, Esquire | Thomas S. Neuberger, Esquire (#243) |
| Pro Hac Vice | Two East Seventh Street, Suite 302 |
| 1430 Land Title Building | Wilmington, DE  19801 |
| 100 South Broad Street | (302) 655-0582 |
| Philadelphia, PA  19110 | TSN@NeubergerLaw.com |
| (215) 448-3900 | |
| rjatkins@atkins-cohen.com | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE WHEATLEY | : | |
| | : | C.A. No: 05-175 GMS |
| Plaintiff, | : | |
| v. | : | |
| | : | |
| I.G. BURTON & CO., INC. | : | |
| | : | |
| Defendant. | : | |

Certificate of Service

    I, Thomas Neuberger, Esquire, do hereby certify that on this day of August 2005, the foregoing RESPONSE BRIEF TO THE DEFENDANT'S RESPONSE OPPOSING A JURY TRIAL was served by electronic service upon the following attorney of record:

    **Noel E. Primos, Esquire**
    **Nick Rodriguez, Esquire**
    Schmittinger & Rodriguez, P.A.
    414 South State Street
    P.O. Box 497
    Dover, DE  19903
    (302) 674-0140
    Email: nprimos@schmittrod.com

    THE NEUBERGER FIRM

      /s/ Thomas S. Neuberger
    Thomas S. Neuberger, Esquire
    Two East Seventh Street, Suite 302
    Wilmington, DE  19801
    (302) 655-0582