**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| WAYNE WHEATLEY | : | CIVIL ACTION |
| | : | |
| vs. | : | |
| | : | |
| I.G. BURTON & CO., INC. | : | NO. 05-175 GMS |

## STIPULATION FOR PROTECTIVE ORDER
## FOR CONFIDENTIAL DOCUMENTS

**WHEREAS**, it is anticipated that parties to this litigation shall produce documents during discovery that are confidential in nature; and

Whereas, the party submitting confidential documents shall mark same with the word "Confidential;" and whereas, the parties are agreed that no disclosure of confidential documents should occur except what is necessary for the purposes of this litigation; and

Whereas, none of the parties to this litigation wish to be in the position of waiving the attorney-client privilege or the attorney-work product privilege because of inadvertently producing privileged or work product documents; and

Whereas, the personnel records of employees are confidential; and whereas, the 26(c) of the Federal Rules of Civil Procedure provides for entry of a protective order such as is contained herein:

It is hereby agreed by and among counsel as follows:

1.    All documents submitted in this case marked as "Confidential," without the necessity for further designation shall be treated as Confidential during the pendency of this action and are subject to this stipulation. Confidential documents shall be used by the parties solely for the purpose of this litigation and not for any other purpose. Control and distribution of

all discovery material covered by this Order shall be the responsibility of the attorneys of record.

2.    No party shall disclose confidential documents or information derived from such documents to any person except as provided in this Order. Confidential documents and information derived from them may be inspected and disclosed by the parties only to the following persons and only for the purpose of conducting this litigation.

(a)    Counsel representing any party in this litigation and their employees who are working in this litigation;

(b)    Any person retained by counsel to assist in the preparation and trial of this litigation, including experts and paralegals;

(c)    Any person of whom testimony is taken, or is to be taken, in this action, provided, however, that confidential documents and information can be disclosed to such persons only in preparation for review of, or in the course of, his or her testimony, and that such person not retained, such confidential documents or information after his or her testimony is completed;

(d)    The author and addressee of confidential documents;

(e)    The Court or any persons employed by the Court working on this litigation;

(f)    Deposition and trial reporters.

3.    Each person to whom disclosure of confidential documents and information is permitted by the parties pursuant to paragraphs through (a) through (c) in Paragraph 2 above shall be shown a copy of this Order and shall execute an acknowledgment in writing that he or she has received a copy of this Order and is familiar with the provisions of it, and all such persons shall (a) be bound thereby; (b) not use such documents for information for any purpose other than in connection with the prosecution or defense of this action; (c) not reveal such document or information to any person other than a person who has received a copy of this Order and is

2

subject to its provisions; and (d) upon termination of his or her connection with this action return such document and information to the counsel who disclosed it in the first instance.

4.    Portions of any discovery materials or any papers filed with the Court in this case, which include a make reference to confidential documents shall be considered as Confidential documents, governed by the terms of this Order.

5.    The admissibility, confidentiality and use of all confidential documents at trial shall be subject to further order of the Court.

6.    Within ninety (90) days of the conclusion of this matter, as to all parties, each confidential document, including all copies of each document, and all excerpts or summaries of them, shall be returned to the party that produced them or, at the request of the producing party, destroyed.

7.    The inadvertent production of privileged or work product documents will not waive the attorney-client privilege or the attorney-work product privilege; provided, however, that this order shall not prevent any party from moving to compel production of allegedly privilege or work product documents on any grounds other than the inadvertent production of such documents.

**ATKINS & COHEN, P.C.**

BY: _____

ROLAND J. ATKINS, ESQUIRE
Attorney for Plaintiff

DATED: __10-25-05__

**SCHMITTINGER & RODRIGUEZ**

BY: _____

NOEL PRIMOS, ESQUIRE
NICHOLAS RODRIGUEZ, ESQUIRE
Attorney for Defendant

DATED: __11-29-05__

**THE NEUBERGER FIRM**

BY: _Thomas S. Neuberger_
      THOMAS S. NEUBERGER, ESQUIRE
      Attorney for Plaintiff

DATED: _11/11/05_

**APPROVED AND ORDERED**

_____
                                 **J.**

\\Mss-ffdc68\atkins\Steve Anderson\NON TEMPLE\wheatley wayne\Stipulation for Protective Order for Confidential Documents.wpd