IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| WAYNE A. WHEATLEY, | * | C.A. No. 05-175-GMS |
| Plaintiff, | * | |
| v. | * | |
| I.G. BURTON & CO., INC., | * | |
| Defendant. | * | |

### DEFENDANT'S THIRD REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."), and the Local Civil Rules of the United States District Court for the District of Delaware, Defendant I.G. Burton & Co., Inc. ("I.G. Burton") hereby requests that Plaintiff Wayne A. Wheatley (hereinafter referred to as "Plaintiff") produce copies of, or produce for inspection and reproduction at the offices of Schmittinger and Rodriguez, P.A., 414 South State Street, Dover, Delaware 19901, all documents in his possession, custody or control as requested herein. I.G. Burton requests that Plaintiff's response be made within thirty (30) days of the service of this Request upon Plaintiff.

In responding to I.G. Burton's requests, furnish all documents which are available, including documents in the possession, custody or control of Plaintiff's attorneys, or anyone else acting for or on Plaintiff's behalf, and not merely those documents held by Plaintiff. If Plaintiff is unaware of the existence of any documents responsive to a request, Plaintiff should expressly indicate so.

These requests for production of documents should be read,

interpreted and responded to in accordance with the definitions and instructions set forth below.

### INSTRUCTIONS

1. The following Requests shall be continuing to the full extent permitted by law. Accordingly, if subsequent to serving an answer to any Request, or any part thereof, Plaintiff, or any other person on Plaintiff's behalf, obtains or becomes aware of additional information pertaining to such Request, Plaintiff is required, pursuant to Fed.R.Civ.P. 26(e), to provide supplemental responses which will augment or otherwise modify the previous answer. Such supplemental response is to be made and served upon I.G. Burton within thirty (30) days after Plaintiff receives or becomes aware of such information, but not later than one (1) week prior to the date of any trial or hearing in this action.

2. If Plaintiff objects to the production of any document or part of a document on the basis of privilege, or that the document or the information contained in the document constitutes attorney work product, Plaintiff should provide a statement signed and verified by Plaintiff's attorney which sets forth as to each document that is withheld on a claim of privilege the following information:

   (1) The name and address of the person(s) who possess or control the document and each copy of the document;

   (2) The name of the author of the document;

   (3) Identify each sender of the document, if different from the author;

   (4) The date of the document;

(5) A brief description of the nature (e.g., letter, memorandum) of the document; and

(6) The basis for the privilege claim.

3. If any document that would have been responsive to the requests herein has been lost or destroyed or is no longer in Plaintiff's possession, custody or control, provide the following information:

(1) The date when each document was lost or destroyed;

(2) The names, business affiliations, addresses and job titles of the preparer(s), sender(s), and recipient(s) of the documents;

(3) The date of the document;

(4) The identity of the person responsible for its destruction, loss, transfer or other act or omission by which the document left Plaintiff's possession, custody or control;

(5) The circumstances surrounding the loss or destruction of the document; and

(6) The reason for its destruction.

4. Should Plaintiff object to a Request, in whole or in part, state the particular Request to which Plaintiff objects and the precise grounds for the objection in sufficient detail to allow I.G. Burton to evaluate and respond to the objection.

6. These Requests should be read, interpreted and responded to in accordance with the definitions set forth below. Each answer to these Requests should be made in accordance with the detail required by these definitions, the Federal Rules of Civil Procedure and the Local Civil Rules.

**DEFINITIONS**

The following definitions apply to all discovery requests:

1. <u>Communication</u>. The terms "communication" or "communications" mean any written, oral, electronic or other transmittal of information (in the form of facts, ideas, opinions, inquiries or otherwise). This includes any conversation, discussion, meeting, conference or oral statement, and any letter, correspondence, memorandum or other written statement, and any electronic mail or message.

2. <u>Document</u>. The term "document" or "documents" shall mean any written, recorded, filmed or graphic matter, whether produced, reproduced or on paper, cards, tapes, film, electronic facsimile, electronic mail, computer storage devices or any other media, including but not limited to, memoranda, notes, minutes, records, photographs, correspondence, telegrams, diaries, electronic mail, bookkeeping entries, financial statements, tax returns, checks, check stubs, reports, studies, charts graphs, statements, notebooks, handwritten notes, applications, agreements, books, pamphlets, periodicals, appointment calendars, records and recordings of oral conversations and all copies which are different in any way from the original whether by interlineation, receipt stamp, notation, indication of copies sent or received, or otherwise, and drafts, which are in Plaintiff's possession, custody or control, or in the possession, custody or control of Plaintiff's present or former agents, representatives, attorneys, physicians or other health care professionals, or any and all persons acting on their or Plaintiff's behalf, including documents

at any time in the possession, custody or control of such individuals or entities or known by the Plaintiff to exist.

3. Date. The term "date" means the exact day, month and year, if ascertainable, or if not, the best approximation thereof, including relationships to other events.

4. Person. The term "person" includes natural persons, partnerships, corporations, international and local unions, associations, joint ventures, estates, trusts, receivers, other forms of legal or business entity, federal, state and local governments and all departments and agencies thereof, and any other group or combination acting as an entity.

5. I.G. Burton. For purposes of these requests, the term "I.G. Burton" means I.G. Burton & Co., Inc. and any current or former affiliates or divisions thereof.

6. Plaintiff/You. The term "Plaintiff" or "you" means Wayne A. Wheatley, including all attorneys, agents, employees, and representatives acting on his behalf.

7. Concerning. The term "concerning" means containing, consisting of, relating to, referring to, describing, evidencing or constituting, in whole or in part.

8. And/Or. The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9. Singular/Plural. The use of the singular form of any word includes the plural and vice versa.

10. All/Each. The terms "all" and "each" shall be construed

as all and each.

11. <u>Complaint</u>. The term "Complaint" means Plaintiff's Complaint in the federal court action, <u>Wayne A. Wheatley v. I.G. Burton & Co., Inc.</u>, No. 05-175 GMS.

### DOCUMENTS TO BE PRODUCED

1. A copy of the complete file of Verzilli & Verzilli and Consultants, Inc., regarding <u>Wayne A. Wheatley v. I.G. Burton & Co., Inc.</u>, No. 05-175 GMS, including any and all reports produced in connection with the case.

**RESPONSE:**

2. A copy of the document referenced in the depositions of Defendant's employees taken by Plaintiff's counsel entitled <u>The Holy Grail</u>.

**RESPONSE:**

SCHMITTINGER & RODRIGUEZ, P.A.

BY: /s/ _____

NICHOLAS H. RODRIGUEZ, ESQUIRE
Bar I.D. #356
NOEL E. PRIMOS, ESQUIRE
Bar I.D. #3124
414 S. State Street
P.O. Box 497
Dover, DE  19903
(302) 674-0140
Attorneys for Defendant

DATED: 1-24-06
NEP:lm